UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **CHRISTIAN S. STRONG** | ) | Case No. C-1-03-383 |
| **AND** | ) | |
| | : | (Judge Susan J. Dlott) |
| **BRIAN HUNZICKER** | ) | |
| **PLAINTIFFS** | ) | |
| -VS- | ) | |
| **U-HAUL CO. OF MASSACHUSETTS, INC., et al.** | ) | |
| **DEFENDANTS** | | |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

COME NOW the Plaintiffs through counsel, and for their First Amended Complaint state as follows:

### THE PARTIES

1. Plaintiff Christian S. Strong ("Strong"), an individual residing at 50 Dudley Road, Edgewood, Kentucky 41017, was at all times material to this Complaint the lessee and/or user of the U-Haul motorcycle trailer described below and a passenger in the tow vehicle driven by Mindy Swegles ("Swegles") as described below.

2. Plaintiff Brian Hunzicker ("Hunzicker"), an individual residing at 1252 Hermes, Apt. B, Covington, Kentucky 41011, was at all times material to this Complaint a passenger in the tow vehicle driven by Mindy Swegles ("Swegles") as described below.

3. Defendant U-Haul Co. of Massachusetts, Inc. ("Northgate U-Haul") is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business in Somerville, Massachusetts. Northgate U-Haul operates the Northgate U-Haul Center at 9178 Colerain Avenue, Cincinnati, Ohio. Northgate U-Haul is in the business of, among other things, renting trailers, including motorcycle trailers, for short-time rentals. Northgate U-Haul was the lessor of the motorcycle trailer described below.

4. Defendant U-Haul International, Inc. ("U-Haul") is a corporation organized and existing under the laws of the State of Nevada, with its principal offices located in Phoenix, Arizona. U-Haul is in the business of, among other things, renting trailers, including motorcycle trailers, for short-time rentals. U-Haul conducts its operations directly or through licensees, agents, or representatives through U-Haul rental and sales centers, including those located on Colerain Avenue in Cincinnati, Ohio operated by Northgate U-Haul, and on Dixie Highway in Elsmere, Kentucky. U-Haul was the designer and manufacturer, and lessor, through its agents and/or representatives, of the motorcycle trailer described below. U-Haul represents to persons, including Swegles and Strong, that the centers, including the Northgate U-Haul center and the Elsmere U-Haul center, are operated by U-Haul, do not identify themselves as being operated by others, and therefore are liable for the torts of the centers.

5. Defendant Amerco, Inc. ("Amerco") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Reno, Nevada. Amerco is the holding company for U-Haul and other corporations and is, or may be, liable for the damages demanded in this Complaint against Defendants Northgate U-Haul and U-Haul.

## JURISDICTION AND VENUE

6. Jurisdiction is proper in this court pursuant to 28 U.S.C. § 1332(a) as this action involves citizens of different states in which the matter in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

7. Venue is proper in this court pursuant to 28 U.S.C. §§ 1391(a) and 1391(c) as a substantial part of the events and omissions giving rise to the claims occurred in this district and the Defendants have sufficient contacts to subject them to personal jurisdiction in this district.

## STATEMENT OF FACTS

8. Prior to May 17, 2002, Swegles and Christian S. Strong ("Strong") contacted the U-Haul center on Dixie Highway in Elsmere, Kentucky to rent a motorcycle trailer in order to take Strong's motorcycle from Northern Kentucky to Florida for their week-long Florida vacation. The Elsmere U-Haul center did not have a motorcycle trailer that could be leased for that length of time on the dates Swegles and Strong would be traveling. The Elsmere U-Haul center directed Swegles and Strong to the Northgate U-Haul center for the lease of such a motorcycle trailer.

9. On May 17, 2002, Swegles and Strong rented a U-Haul motorcycle trailer identified as number 770082 3868MT 8312 from the Northgate U-Haul center, with a scheduled return date of May 26, 2002.

10. Prior to and at the time of the rental, Swegles and Strong informed the employees and/or representatives at both the Elsmere U-Haul center and Northgate U-Haul that the motorcycle trailer was to be used to trailer a motorcycle from the Greater Cincinnati area to Florida and back using a 1997 Ford Explorer 2-door, with 4-wheel drive, as the tow vehicle.

11. Employees or representatives of Northgate U-Haul and/or U-Haul hitched the trailer to the tow vehicle, instructed Strong on how to attach the trailer and to hook the safety chains from the trailer to the tow vehicle. Northgate U-Haul did not have an appropriate plug for the trailer lights and directed Swegles and Strong back to the Elsmere U-Haul center in Kentucky for the installation of an appropriate light plug.

12. On Saturday, May 18, 2002, Swegles, Strong, and Brian Hunzicker ("Hunzicker") stopped at the Elsmere U-Haul center as they began their trip to Florida to have the appropriate light plug installed by the Elsmere U-Haul center personnel for the operation of the trailer lights.

13. At that time, the trailer was connected to the tow vehicle in the same manner as when initially coupled by Northgate U-Haul employees or representatives. At that time, the Elsmere U-Haul center employees or representatives, as agents or representatives of U-Haul, had an opportunity to discuss the purpose of the rental, to inspect the trailer, its method of

-4-

connection, the towing vehicle, and safety chains, and to warn Plaintiffs of the dangerousness of the trailer.

14. At the time the motorcycle trailer was leased from the Northgate U-Haul center, the trailer was in an unreasonably dangerous and defective condition. Such conditions were not corrected by Northgate U-Haul employees or representatives, nor did any such employee or representative warn Swegles, Strong, or Hunzicker of such conditions.

15. At the time the motorcycle trailer was leased from the Northgate U-Haul Center, U-Haul and Northgate U-Haul Center knew, or should have known with the exercise of reasonable care and due diligence, that Ford Explorers, including the 1997 Ford Explorer two door, four-wheel drive model, was an inappropriate towing vehicle. However, U-Haul on its website affirmatively identified the 1997 Ford Explorer two door, four-wheel drive, as an appropriate towing vehicle. Further, U-Haul, through its agents and representatives, including Northgate U-Haul Center, and Northgate U-Haul itself, had the opportunity to inspect proposed towing vehicles and had the duty to warn potential renters, including Swegles, Strong, or Hunzicker of the dangerousness of using Ford Explorers as tow vehicles.

16. Swegles, Strong, and Hunzicker traveled at highway speeds to Florida on May 18, 2002 towing the motorcycle trailer with Strong's motorcycle attached. While in Florida on vacation, the motorcycle trailer was disconnected and, prior to their scheduled return to Kentucky, Strong re-attached the motorcycle trailer in the same manner as he was instructed to do so by Northgate U-Haul employees or representatives on May 17. Strong placed the safety chains parallel to the trailer tongue as instructed by Northgate U-Haul employees or

representatives and identical to the manner in which Northgate U-Haul employees or representatives hitched the trailer and installed the safety chains on May 17, 2002.

17. On May 25, 2002, Swegles, Strong, and Hunzicker began their return from their Florida vacation to their homes in Kentucky. At approximately 4:30 p.m. on Saturday, May 25, 2002, Strong inspected the condition of the trailer, trailer hitch, and safety chains. At that time, Swegles began to drive the tow vehicle towards their home in Edgewood, Kentucky.

18. On May 25, 2002, at approximately 5:00 p.m., while driving northbound on Interstate 75 in Bradley County, Tennessee, the defective trailer began to sway uncontrollably, riding on one wheel of the trailer, and eventually broke free of the hitch causing Swegles to lose control of the tow vehicle and causing the Ford Explorer to leave the highway surface and travel into the highway median where the Explorer rolled approximately three times, ejecting both Swegles and Strong and injuring Swegles, Strong, and Hunzicker.

19. As a direct and proximate result of the defective product, failure to warn, and negligence of the Defendants as described below, Strong sustained permanent injuries to his head, both wrists, and right ankle; has incurred medical expenses in excess of $1,000 to date and will incur such expenses in the future and permanently; has endured mental and physical pain and suffering to date and will do so in the future and permanently; has lost wages to date in excess of $1,000; has incurred a permanent impairment of his power to earn money; and has suffered a permanent loss of enjoyment of life.

20. As a direct and proximate result of the defective product, failure to warn, and negligence of the Defendants as described below, Hunzicker sustained permanent injuries to his shoulder, head and neck; has incurred medical expenses in excess of $1,000 to date and will incur such expenses in the future and permanently; has endured mental and physical pain and suffering to date and will do so in the future and permanently; has lost wages to date in excess of $500; has incurred a permanent impairment of his power to earn money; and has suffered a permanent loss of enjoyment of life.

21. The claims of each Plaintiff exceed the minimal jurisdictional amount of this Court.

### FIRST CLAIM FOR RELIEF

### Strict Liability

22. Plaintiffs restate and incorporate by reference Paragraphs 1 through 21, inclusive, as if fully re-written herein.

23. The U-Haul motorcycle trailer was defective and unreasonably dangerous when it was leased to Swegles and Strong as it was not suitable for the use for which it was leased, was more dangerous than an ordinary consumer would have expected, failed to have appropriate latching mechanisms, had tires of improper size for prolonged highway speeds, had improper suspension, and could become unstable and dangerous at highway speeds during normal and expected driving conditions. Defendants are strictly liable for the defective and unreasonably dangerous design and condition of the motorcycle trailer.

24. As a direct and proximate result of Northgate U-Haul, U-Haul, ABC Corporation, BCD Corporation, and/or CDE Corporation leasing the motorcycle trailer to Swegles and Strong, Strong and Hunzicker received the injuries and sustained the damages as described above.

## SECOND CLAIM FOR RELIEF

### Negligence

25. Plaintiffs restate and incorporate by reference Paragraphs 1 through 24, inclusive, as if fully re-written herein.

26. Northgate U-Haul, U-Haul, ABC Corporation, BCD Corporation, and/or CDE Corporation were negligent in the improper inspection, maintenance, design, manufacture, lease, instruction, advertisement, and use of the motorcycle trailer, as, among other deficiencies, it had improper latching mechanisms, it had tires of improper size for prolonged highway speeds, it had improper suspension, and it could become unstable and dangerous at highway speeds during normal and expected driving conditions.

27. As a direct and proximate result of Defendants' negligence, Strong and Hunzicker received the injuries and sustained the damages as described above.

## THIRD CLAIM FOR RELIEF

### Failure to Warn -- Speeds

28. Plaintiffs restate and incorporate by reference Paragraphs 1 through 27, inclusive, as if fully re-written herein.

29. U-Haul, in its website and other communications, warns not to tow a motorcycle trailer or other trailers in excess of 45 mph when it knows or should know that lessees and others, including persons such as the Plaintiffs, tow trailers, including motorcycle trailers, at normal highway speeds in excess of 45 mph. Northgate U-Haul, U-Haul, ABC Corporation, BCD Corporation, and/or CDE Corporation knew or should have known that trailering a motorcycle trailer at 45 mph on interstate highways is impractical and, if known and followed, would create dangers to the occupants of the towing vehicle due to the unreasonable slowness of the vehicle on the highway.

30. U-Haul, in its website and other communications, sometimes attempts to warn against driving while towing a trailer, including a motorcycle trailer, in excess of 45 mph in an attempt to limit its liability exposure knowing that consumers cannot safely use the trailers at 45 mph on interstate highways.

31. U-Haul attempts to impose a 45 mph limit on the lessees of its trailers, including motorcycle trailers, as it knows that, under certain conditions, while being towed in excess of 45 mph, the tow vehicle/trailer combination may become unstable and unsuitable for drivers having no knowledge of the dangerousness of the trailer and the proper driving techniques to employ to counteract trailer sway and oscillations.

32. If Northgate U-Haul, U-Haul, ABC Corporation, BCD Corporation and/or CDE Corporation told the public, including persons such as Swegles and Strong, that its trailers, including motorcycle trailers, could become unstable at speeds in excess of 45 mph, persons such as Swegles and Strong would not rent such units.

33. Had any Defendant appropriately warned Swegles and Strong of the dangerous propensities of the motorcycle trailer, they would have determined not to take Strong's motorcycle on vacation, as they were under no requirement to tow the motorcycle but only did so for their vacation enjoyment.

34. As a direct and proximate result of the Defendants' failure to warn, Strong and Hunzicker received the injuries and sustained the damages as described above.

## FOURTH CLAIM FOR RELIEF
### Failure to Warn – Tow Vehicle

35. Plaintiffs restate and incorporate by reference Paragraphs 1 through 34, inclusive, as if fully re-written herein.

36. At the time that Plaintiffs rented the subject motorcycle trailer, U-Haul represented to the public that Ford Explorers, including the 1997 door two four-wheel drive model of the Ford Explorer, were appropriate towing vehicles, including for use as a towing vehicle for motorcycle trailers. U-Haul, on its website, allowed potential renters to select the proposed trailer and then answer a series of questions to determine if the proposed towing vehicle was appropriate for that use. Any prospective renter of a motorcycle trailer using a Ford Explorer, including the 1997 two door four-wheel drive model of that vehicle, would have been informed by U-Haul that such vehicle was appropriate for use in towing a motorcycle trailer, and other trailers rented from U-Haul.

37. Plaintiffs and other renters had the right to rely upon the purported expertise of U-Haul and its agents, representatives, and franchisees such as Northgate U-Haul, to

determine the appropriateness of proposed towing vehicles for trailers in general and motorcycle trailers specifically. U-Haul, North America's largest trailer rental company with more than 17,000 outlets, promotes to its customers its expertise and expects consumers such as Strong and Hunzicker to rely upon its expertise in determining which model trailer to rent and whether the proposed tow vehicle is appropriate for such use. U-Haul has knowledge superior to that of proposed renters, including Strong and Hunzicker, as to the factors to consider when choosing a tow vehicle.

38.     Prior to the subject rental to Strong and Hunzicker, U-Haul had knowledge of accidents involving Ford Explorers and U-Haul trailers and had been involved in litigation in which allegations were made that the use of Ford Explorers as tow vehicles was inappropriate and that U-Haul had acted inappropriately in allowing such vehicles to be used for towing.

39.     Prior to Strong and Hunzicker's renting of the motorcycle trailer, U-Haul and/or Northgate U-Haul had knowledge of allegations that Ford Explorers were or may be inappropriate tow vehicles, as U-Haul had knowledge of claims that Ford Explorers overturned while pulling U-Haul trailers.

40.     U-Haul and Northgate U-Haul had an obligation to inform and warn prospective renters, including Strong and Hunzicker, that using Ford Explorers as tow vehicles was dangerous or, at the very least, to inform prospective renters, including Strong and Hunzicker, that U-Haul and/or Northgate U-Haul were aware of allegations and litigation that Ford Explorers may be inappropriate tow vehicles, so that consumers such as Strong and Hunzicker could make an informed decision whether to rent a trailer and, if so, to use a Ford Explorer for the tow vehicle.

41. U-Haul and Northgate U-Haul failed to warn Strong and Hunzicker of such matters. Had any Defendant appropriately warned Strong and Hunzicker of the knowledge, allegations, or concern that the Ford Explorer was an inappropriate tow vehicle, Strong and Hunzicker would have determined not to take the motorcycle on vacation, as they were under no requirement to tow the motorcycle, but only did so for their vacation enjoyment.

42. As a direct and proximate result of the Defendants' failure to warn of the dangerous propensities of using a Ford Explorer as a tow vehicle or the litigation, allegations, or concern expressed by others, Strong and Hunzicker received the injuries and sustained the damages as described above from the rollover accident.

### FIFTH CLAIM FOR RELIEF

#### Punitive Damages

43. Plaintiffs restate and incorporate by reference Paragraphs 1 through 42, inclusive, as if fully re-written herein.

44. Defendants' conduct in the design, manufacture, and lease of the subject trailer, failing to warn Strong and Hunzicker and others, and the other acts and omissions as described above were done intentionally, maliciously, recklessly, and were so grossly negligent as to require the imposition of punitive damages.

### SIXTH CLAIM FOR RELIEF

#### Liability of Amerco

45. Plaintiffs restate and incorporate by reference Paragraphs 1 through 44, inclusive, as if fully re-written herein.

46. Amerco is the holding company for U-Haul International, Inc. and other entities. As such, it is or may be liable for the policies, actions, omissions and products described above with respect to U-Haul.

WHEREFORE, Plaintiffs Christian S. Strong and Brian Hunzicker demand judgment against Defendants U-Haul Co. of Massachusetts, Inc., U-Haul International, Inc., Amerco, Inc., and the as yet unidentified defendants, jointly and severally, in the following particulars:

(a) Five Million Dollars ($5,000,000.00) compensatory damages;

(b) Twenty-Five Million Dollars ($25,000,000.00) punitive damages;

(c) Costs;

(d) Attorneys' fees; and

(e) Such other and further relief as the court deems appropriate.

Respectfully submitted,

/s/Lucinda C. Shirooni
PHILIP TALIAFERRO (Ohio #0050981)
LUCINDA C. SHIROONI (Ohio #0059047)
TALIAFERRO, MEHLING, SHIROONI,
CARRAN & KEYS, PLLC
1005 Madison Avenue
P.O. Box 468
Covington, KY 41012-0468
Phone: (859) 291-9900
Fax: (859) 291-3014
Email: cshirooni@tmsck.com
Counsel for Christian S. Strong and
Brian Hunzicker

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing PLAINTIFF'S FIRST AMENDED COMPLAINT has been served upon Thomas C. Smith, Esq., Ziegler & Schneider, P.S.C., 541 Buttermilk Pike, P.O. Box 175710, Covington, Kentucky 41017-5710, Counsel for U-Haul Co. of Massachusetts, Inc., U-Haul International, Inc., and Amerco, Inc., and upon William A. Posey, Esq., Keating, Muething & Klekamp, 1400 Provident Tower, One East Fourth Street, Cincinnati, Ohio 45202, by regular U.S. mail, postage prepaid, this __6__ day of July, 2004.

                                                  /s/Lucinda C. Shirooni

P:\Strong-Hunzicker\Pleadings\U S D C\Amended Complaint U S District - Cincinnati

1204382.2