UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Christian S. Strong, *et al.*,

    Plaintiffs,

v.

U-Haul Co. Of Massachusetts, Inc., *et al.*,

    Defendants.

Case No. 1:03cv383

Judge Michael H. Watson

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Plaintiffs Mindy Swegles, Christian Strong, and Brian Hunzicker's Motion for Partial Summary Judgment (Doc. 87), Defendants U-Haul International, Inc., U-Haul Co. of Massachusetts and Ohio, Inc. and AMERCO's Motion for Partial Summary Judgment (Doc. 86), and Defendant AMERCO's Motion for Summary Judgment (Doc. 85).  All the motions have been fully briefed and are now ripe for review. Also pending before the Court are Defendants' U-Haul Co. of Massachusetts and Ohio, Inc., U-Haul International, Inc. and AMERCO Inc.'s Motions to Exclude the Testimony of Plaintiff's Experts Sheryl Scott Ranson, PH.D. (Doc. 129), Edward Karnes (Doc. 133), and Allen C. Eberhardt (Doc. 134); and Plaintiffs Mindy Swegles, Christian Strong, and Brian Hunzicker's Motions to Exclude the Testimony of Defendants' Experts Robert E. Carbonara and Gary J. Heydinger (Doc. 130), Michael P. Holcomb (Doc. 131), and Tyler A. Kress (Doc. 132).  These Motions will be addressed by the Court during the *Daubert* hearing scheduled for November 10, 2005.

For the reasons stated herein, Plaintiffs Mindy Swegles, Christian Strong, and Brian Hunzicker's Motion for Partial Summary Judgment (Doc. 87) is DENIED, Defendants U-Haul International, Inc., U-Haul Co. of Massachusetts and Ohio, Inc. and AMERCO's Motion for Partial Summary Judgment (Doc. 86) is DENIED, and Defendant AMERCO's Motion for Summary Judgment (Doc. 85) is GRANTED.

## I. FACTUAL BACKGROUND

In this diversity action, Plaintiffs Mindy Swegles[1], Christian Strong, and Brian Hunzicker assert claims for strict liability, negligence, failure to warn, and for punitive damages against Defendants U-Haul International, Inc., U-Haul Co. of Massachusetts and Ohio, Inc., and AMERCO, arising out of a motor vehicle accident in Bradley County, Tennessee on May 25, 2002. (*See* Doc. 1, 30-31 from case numbers 1:03cv383 and 1:03cv384).[2]

On May 17, 2002, Plaintiffs Mindy Swegles and Christian Strong rented a U-Haul motorcycle trailer (the "trailer") from U-Haul's Northgate Rental Center[3] located at 9178 Colerain Avenue, Cincinnati, Ohio. (Strong Aff. 2, 4, attached as Exhibit B to Pl.'s Mot. for Summ. J.). During the rental of the trailer, Strong informed the representatives from U-Haul that they would be using the trailer to haul his motorcycle to and from Florida. (Strong Aff. ¶ 2, 4). The trailer was then attached to the tow vehicle, a 1997 Ford Explorer, by the

---

[1] Since the filing of this Complaint, Plaintiff Mindy Swegles has married Plaintiff Christian Strong and is now known as Mindy Swegles Strong, however, she will referred to as Mindy Swegles for purposes of this Order.

[2] These cases were consolidated on June 30, 2004.

[3] Northgate U-Haul is a part of Defendant U-Haul Co. of Massachusetts and Ohio.

employees of Northgate U-Haul. Strong received instructions from the employees on how to attach the trailer and to hook the safety chains from the trailer to the tow vehicle. (Doc. 30-31).

During the drive to and from Florida, Strong and Swegles drove the Ford Explorer with the U-Haul trailer attached, at or below highway speed limits. (Strong Aff. ¶ 7; Strong Depo. at 86). On the return trip from Florida on May 25, 2002, while Plaintiff Swegles was driving northbound on Interstate 75 in Bradley County, Tennessee, the trailer began to "sway uncontrollably, riding on one wheel of the trailer." (Doc. 30-31, ¶17). The Plaintiffs further state that the trailer "eventually broke free of the hitch causing Swegles to lose control of the tow vehicle and causing the Ford Explorer to leave the highway surface and travel into the highway median where the Explorer rolled approximately three times." (Id.). Swegles and Strong were not wearing their seatbelts and were ejected from the vehicle, but Hunzicker was wearing his seatbelt and remained in the vehicle. (Doc. 30-31; Swegles Depo. at 75; Strong Depo. at 115).

Despite Plaintiffs' assertion that Swegles was traveling at or below highway speed limits, Defendants contend that any speed in excess of 45 miles per hour exceeds the speed recommended by both Ford[4] and U-Haul for pulling the trailer. However, Strong and Swegles contend that during the rental process, they were never told of a "recommended 45 mile per hour speed limit" nor were they provided with the U-Haul Trailer User

---

[4] Defendants have relied on the Owner's Manual for the 1997 Ford Explorer which contains a warning for drivers not to exceed 45 miles per hour while towing a trailer, however, there is no evidence that Plaintiffs even had the manual in their possession or that they read it.

3

Instructions. (Strong Aff. at ¶¶ 4-5; Strong Depo. at 53-55, 65).[5] Plaintiffs visited another U-Haul rental center, Elsmere U-Haul, the next day because the U-Haul trailer they rented required installation of a light plug that the Northgate U-Haul center did not have. While at that U-Haul center, again, Plaintiffs were not given any warnings or instructions regarding the U-Haul trailer. (Doc. 30-31, ¶ 12).

According to U-Haul's representative Justin Smith[6], renters of U-Haul equipment are given a user instructional booklet and there are warning decals on the U-Haul trailer. (Smith Depo. at 22). However, of the three warning decals that were supposed to be on the U-Haul trailer, two were missing (the 1998 warning decal and the speed limit decal), and the 1983 decal was illegible. (*See* Eberhardt Aff. and Smith Depo. at 27, 31, 34-35, 62). Further, Mr. Smith testified that the Trailer User Instructions should always be given to trailer renters, however, Plaintiffs' assert that they did not receive such instructions. (*See* Smith Depo. at 96-97; Strong Depo. at 54-55).[7]

Plaintiffs therefore have filed these now combined lawsuits asserting claims of personal injury and product defect under theories of negligence, strict liability, and failure to warn. Plaintiffs also assert claims against Defendants for punitive damages. Finally, Plaintiffs assert claims against AMERCO as the "holding company of U-Haul International,

---

[5] While the Plaintiffs assert that they did not receive the aforementioned warnings, it is really only Strong's testimony they are relying on as Plaintiff Swegles does not recall much about the rental transaction as a result of the injuries she suffered in the accident. (Swegles Depo. at 77; Swegles Aff. at ¶ 2).

[6] Justin Smith was designated by U-Haul as the person most knowledgeable about the warnings or instructions given by U-Haul.

[7] Interestingly, Plaintiffs' experts Allen C. Eberhardt and John P. Sauer rented motorcycle trailers from U-Haul eleven times for purposes of this litigation. Eberhardt was never given a Trailer User Instructions guide during his two rentals. (Eberhardt Aff.¶ 10). Sauer was given the guide 2 out of 9 rentals. (Sauer Aff. ¶ 5).

4

Inc. and other entities. As such it may be liable for the policies, actions, omissions, and products described above with respect to U-Haul." (Doc. 30-31).

## II.     ARGUMENTS OF THE PARTIES

### A.     AMERCO's Motion for Summary Judgment.

Defendant AMERCO argues that it is entitled to summary judgment because it is a separate corporation from Defendants U-Haul International, Inc., U-Haul Co. of Massachusetts and Ohio, Inc. and therefore cannot be liable for the conduct of those companies. AMERCO further argues that it cannot be liable under the strict liability theory because it did not design, market, lease, manufacture, or research the trailer. Finally, AMERCO argues that Plaintiffs have not plead an alter ego theory of liability and therefore it is not properly before the court.

In response, Plaintiffs argue that AMERCO provided U-Haul with specific testing on the Henschen torsion suspension systems that are used on the motorcycle trailers. Also, that AMERCO participated in the documentation and the creation of the engineering change notice to convert the U-Haul garden trailers to motorcycle trailers. Plaintiffs also assert that the question of whether a parent corporation is liable for the wrongs of its subsidiaries is generally a question of fact.

### B.     Defendants' Motion for Partial Summary Judgment on Punitive Damages.

Defendants U-Haul International, Inc., U-Haul Co. of Massachusetts and Ohio, Inc. and AMERCO have moved for summary judgment on Plaintiffs' claims for punitive damages. Defendants argue that there is no evidence that their alleged conduct was done intentionally, maliciously, recklessly, or in a grossly negligent manner and therefore does

not rise to the level justifying an award for punitive damages.

Plaintiffs argue that a genuine issue of material fact exists with respect to Defendants' policies which consciously disregard the rights and safety of renters, such that a reasonable juror could conclude that punitive damages should be awarded to Plaintiffs. Plaintiffs reference many instances of reckless conduct by the Defendants including: design of the trailer and specified the axle design, no testing or inspection standards of the suspension system, no program to determine the end of the useful life of a suspension system, failure to do preventative maintenance or conduct inspections, procedure for warning customers of risks is a sham, and the rental of a defective trailer.

### C.   Plaintiffs' Motion for Partial Summary Judgment.

Plaintiffs argue that they are entitled to summary judgment on their failure to warn claims against Defendants.  Plaintiffs assert that Defendants failed to warn them of the dangers surrounding renting the trailer, including the dangers of traveling with the trailer in excess of 45 miles per hour, which Defendants believe was the cause of the accident.

Defendants argue that despite Plaintiffs' allegations that they did not receive any warning from Defendants, Plaintiff Swegles actually acknowledged in writing on the U-Haul contract that she received and understood the warnings contained in the U-Haul User's Guide.[8] Defendants further contend that Plaintiffs failed to provide evidence that the failure to give the warning to not exceed 45 miles per hour was the proximate cause of the accident.

---

[8] Plaintiffs, however, contend that they were never given a copy of the U-Haul Users Guide.

6

**III. ANALYSIS**

    A. <u>Motions for Summary Judgment.</u>

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986). Once the moving party has met its burden of production, the non-moving party cannot rest on his pleadings, but must present significant probative evidence in support of his complaint to defeat the motion for summary judgment. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248-49 (1986). The mere existence of a scintilla of evidence to support the non-moving party's position will be insufficient; the evidence must be sufficient for a jury to reasonably find in favor of the non-moving party. <u>Id.</u> at 252.

    B. <u>Choice of Law Analysis</u>

Plaintiffs argue that Ohio law applies in this case because Ohio has the most significant relationship to the parties and occurrences. Defendants, however, argue that Tennessee law applies because the accident took place in Tennessee and no state has a more significant interest in the lawsuit.

A federal court sitting in diversity must apply the choice of law rules of the state in which it sits. <u>Klaxon Co. Stentor Electric Mfg. Co.</u>, 313 U.S. 487, 496 (1941); <u>Macurdy v. Sikov & Love, P.A.</u>, 894 F.2d 818, 820 (6th Cir. 1990). The parties agree that Ohio has explicitly adopted the Restatement of Law of Conflicts, Second, for determining which

7

states law applies in tort actions.  Therefore, when confronted with a choice of law issue in a tort action, the analysis must begin with Section 146 of the Restatement of Law of Conflicts.  Morgan v. Biro Mfg. Co., Inc., 15 Ohio St.3d 339, 341-42.  Section 146 provides:

> In an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and to the parties, in which event the local law of the other state will be applied.

1 Restatement of the Law 2d, Conflict of Laws (1971).

The Morgan Court then proceeded to consider the general factors set forth in Section 145 of the Restatement, which provides in pertinent part:

> (2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
> > (a) the place where the injury occurred,
> > (b) the place where the conduct causing the injury occurred,
> > (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and
> > (d) the place where the relationship, if any, between the parties is centered.
>
> These contacts are to be evaluated according to their relative importance with respect to the particular issue.

Id.  A presumption is thus created that the law of the place of the injury controls unless another state has a more significant relationship to the lawsuit.  Id.; *see also* Cincinnati Ins. Co. v. Leeper, 1998 Ohio App. LEXIS 937, *3 (Ohio App. 6th Dist. 1998).

Considering the factors set forth above in Section 145 of the Restatement, the first factor, the place where the injury occurred, is Tennessee.  Second, the place where the conduct causing the injury occurred could be both Ohio or Tennessee.  According to Plaintiffs' claims of products liability and failure to warn, that conduct occurred in Ohio.

8

Plaintiffs rented the trailer in Ohio and Defendants could have warned them of the dangers in Ohio.  Similarly, the trailer was located in Ohio and could have been inspected there.  However, according to Defendants theories, the accident was caused by the driver, Mindy Swegles' negligence, such as driving at a speed in excess of the recommended 45 miles per hour.

Third, the domicile, residence, nationality, place of incorporation and place of business of the parties, weighs slightly in favor of Ohio.  While the parties domicile, residence, and places of incorporation are all in states other than Ohio and Tennessee[9], Defendants do conduct business in Ohio and in fact Plaintiffs rented the allegedly defective trailer from a U-Haul rental center in Ohio.

Finally, the place where the relationship between the parties is centered weighs in favor of Ohio.  While the accident occurred in Tennessee, the relationship between the parties began when the rental contract was signed in Ohio.  Further, Ohio has a significant interest with regard to the law governing Plaintiffs' product liability claims.  "In product liability claims, the primary interest of a state is to deter the sale and/or manufacture of negligently or defectively manufactured goods to that state's citizens." Cheatham v. Thurston Motor Lines, 654 F. Supp. 211, 214 (S.D. Ohio 1986); *see also* Muncie Power Prods. v. United Techs. Auto., Inc., 328 F.3d 870, 877 (6th Cir. 2003).  In addition, Ohio law should be applied to Plaintiffs failure to warn claims as the failure to warn occurs at the place where the plaintiffs could reasonably have been warned. Jones v. Brush Wellman, Inc., 2000 U.S. Dist. LEXIS 21897 (N.D. Ohio 2000).

---

[9] The Plaintiffs are all residents of the state of Kentucky.  Defendant U-Haul International, Inc. is organized under the state of Nevada, with its principal place of business in Phoenix, Arizona.  Defendant U-Haul Co. of Massachusetts is organized under the Commonwealth of Massachusetts, with its principal place of business in Somerville, Massachusetts.

9

Though the first factor weighs in favor of applying Tennessee law, the Restatement explicitly states that the location of the injury is not dispositive. *See* Section 173 of 1 Restatement of the Law 2d, Conflict of Laws (1971). The premise behind the presumption in favor of the place of injury does not exist in this case. That premise, applied in typical automobile accident cases where courts give substantial weight to the state where the accident occurred, is intended to preserve the interest of that state in protecting persons on its roadways from violations of its traffic laws. That presumption, however, does not apply in this case as there is no evidence before the court regarding the violation of any Tennessee traffic laws. On these facts, Ohio has the greater interest in protecting its citizens from the rental of defective products. Therefore, after carefully weighing all of the above factors, the Court finds that Ohio law will be applied in this case.

C. <u>Liability of AMERCO</u>

Plaintiffs have asserted a claim against AMERCO as the holding company for U-Haul, claiming that AMERCO "may be liable for the policies, actions, omissions and products described above with respect to U-Haul." (Doc. 30-31). Defendant AMERCO, however, argues that it is a separate corporation and cannot be held liable for the conduct of U-Haul. (*See* Olds Aff. attached as Ex. A to Def.'s Mot. for Summ. J.). It is a "general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries." <u>Precision, Inc. v. Kenco/Williams, Inc.</u>, 66 Fed. Appx. 1, 4 (6th Cir. 2003), *citing* <u>United States v. Bestfoods</u>, 524 U.S. 51, 61(1998).

However, an exception to the general rule provides that a parent corporation can be liable for the acts of its subsidiaries if: (1) the separation between the parent and the subsidiary is fictitious; (2) the parent holds the subsidiary out as its agent; or (3) the parent exercises an undue degree of control over the subsidiary. Gutter Topper, LTD v. Hart & Cooley, Inc., 2005 U.S. Dist. LEXIS 10271 (W.D. Ohio 2005), *citing* Velandra v. Regie Nationale Des Usines Renault, 336 F.2d 292, 296 (6th Cir. 1964).

Plaintiffs have asserted an alter ego theory in response to Defendant's Motion for Summary Judgment. While this is the first time Plaintiffs have raised such a theory, the Court will consider the argument. The Ohio Supreme Court in Belvedere Condo. Unit Owners' Ass'n v. R.E. Roark Co., 67 Ohio St.3d 274 (Ohio 1993), sets forth the factual considerations for determining whether a parent corporation is liable for the torts of its subsidiary. According to Belvedere, the corporate fiction must be disregarded when:

> (1) control over the corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own, (2) control over the corporation by those to be held liable was exercised in such a manner as to commit fraud or an illegal act against the person seeking to disregard the corporate entity, and (3) injury or unjust loss resulted to the plaintiff from such control and wrong.

Id.

In an attempt to pierce the corporate veil of AMERCO, Plaintiffs have referenced SEC filings in which the names AMERCO and U-Haul are used interchangeably. This evidence alone, however, is not sufficient to hold AMERCO liable for the alleged acts of U-Haul.

Plaintiffs have also failed to set forth evidence that Defendant AMERCO is the manufacturer or supplier of the U-Haul trailer at issue in this case in order to maintain

11

claims against AMERCO for negligence, strict liability, and failure to warn. Ohio Revised Code Sections 2307.71-80 provide that products liability claims for negligence, strict liability, or failure to warn may only be brought against the manufacturer or supplier of a product.

The only evidence Plaintiffs have offered to show any involvement by AMERCO are documents from AMERCO Technical Center dated from 1974 through 1977. Not only were these documents created before the trailer at issue in this case was manufactured, but there is no evidence to connect the name AMERCO on those documents to anything related to this case. Even if AMERCO would have been involved in some testing for parts of the trailer, a minimal amount of testing could not subject AMERCO to liability for these claims. Ohio law is clear that the claims asserted by Plaintiffs can only be brought against the manufacturer or supplier of the alleged defective product. Plaintiffs have failed to set forth any evidence that Defendant AMERCO was the manufacturer of the trailer at issue and therefore AMERCO cannot be held liable for Plaintiffs products liability claims. Therefore, Plaintiffs have failed to present sufficient evidence to maintain a products liability claim against Defendant AMERCO and have also failed to present sufficient evidence to pierce the corporate veil and hold AMERCO responsible for the alleged acts of U-Haul. Accordingly, Defendant AMERCO is entitled to summary judgment on all Plaintiffs' claims against it.

  D. <u>Punitive Damages</u>

Defendants U-Haul International, Inc., U-Haul Co. of Massachusetts and Ohio, Inc. and AMERCO filed this Motion for Summary Judgment on Plaintiffs' claims for punitive damages. Defendants argue that there is no evidence that they acted intentionally, fraudulently, or maliciously.

12

To recover punitive damages in a strict products liability case, Plaintiffs must prove by clear and convincing evidence that the injury sustained "was the result of misconduct of the manufacturer or supplier in question that manifested a flagrant disregard of the safety of persons who might be harmed by the product in question." Ohio Rev. Code Ann. § 2307.80.

Alternatively, to recover punitive damages for a negligence claim, Plaintiffs must prove that Defendants acted with actual malice, defined as "a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm." Calmes v. Goodyear Tire & Rubber Co., 61 Ohio St. 3d 470 (1991); *see also* Preston v. Murty, 32 Ohio St.3d 334, 336 (1987). Such a great probability "can be likened to high foreseeability." Id.

Defendants contend that Plaintiffs are not entitled to punitive damages in this case because Plaintiffs have not presented evidence that Defendants acted with flagrant or conscious disregard for their safety. Plaintiffs, however, argue that they have presented evidence that U-Haul has acted in conscious disregard for the rights and safety of other persons and created a great probability of causing substantial harm, by not having a preventative maintenance program, not performing general safety inspections, failing to warn of the dangers of the towing of a trailer, and by renting a knowingly defective trailer.

Under current Ohio law, liability for punitive damages in a tort action is to be determined by the trier of fact (generally a jury), and once the factfinder determines that punitive damages should be awarded, the amount of punitive damages is determined by the court. *See* O.R.C. § 2315.21(C).

The Court finds that there is sufficient evidence presented by Plaintiffs to create a genuine issue of material fact as to whether U-Haul acted with flagrant or conscious disregard of the safety of those who rent their trailers. Specifically, the trailer at issue in this case had not received a safety inspection for two years, it was rented to Plaintiffs despite a previous complaint that the trailer acted odd, it was rented with an inoperative tail light, and there have been other trailers rented by U-Haul with cracks in the suspension system. Based on this evidence, a reasonable jury could conclude that Defendants acted with flagrant or conscious disregard for Plaintiffs' safety.

The Court therefore finds that there is a genuine issue of material fact with respect to Plaintiffs' claim for punitive damages and Defendants' Motion for Partial Summary Judgment is therefore denied. At the trial, Plaintiffs will have the burden of proving entitlement to an award of punitive damages by clear and convincing evidence.

E.  Failure to Warn

Plaintiffs have moved this Court for summary judgment on their failure to warn claims against Defendants. Plaintiffs have alleged that Defendants failed to warn them of the dangers of renting a U-Haul trailer by failing to provide them with the Trailer User Instruction Guide and by failing to display three separate warning decals on the trailer. Specifically, Plaintiffs assert that they were not warned of the dangers of traveling at speeds in excess of 45 miles per hour while pulling the trailer. Plaintiffs further contend that if they had been made aware of the dangers involved with pulling a trailer, they would not have rented the trailer.

Under Ohio law, Plaintiffs pursuing a products liability claim on a theory of failure to warn may plead the allegations under both the negligence and strict liability theories. *See* Cervelli v. Thompson/Center Arms, 183 F. Supp. 2d 1032, 1042 (S.D. Ohio 2002),

14

*citing* Crislip v. TCH Liquidating Co., 52 Ohio St.3d 251, 256 (1990). Under either theory, Plaintiffs must prove that the manufacturer knew, or should have known, in the exercise of ordinary care, of the risk or hazard about which it failed to warn. Further, there will be no liability unless it be shown that the manufacturer failed to take the precautions that a reasonable person would take in presenting the product to the public. Thus, the standard imposed upon the defendant in a strict liability claim grounded upon an inadequate warning is the same as that imposed in a negligence claim based upon inadequate warning. Id. at 257.

However, as the Ohio Supreme Court has recognized, one important difference between the strict liability and negligence theories is the availability of the defense of comparative negligence. A finding of comparative negligence by the plaintiff in a cause of action for negligent failure to warn reduces the amount of damages awarded, or bars recovery completely if the plaintiff is found to be more at fault than all parties from whom he seeks recovery. *See* O.R.C. § 2315.19. However, comparative negligence cannot be raised as a defense to a cause of action in strict liability. Id.

With respect to a strict liability claim, O.R.C. § 2307.76 provides:

(A) Subject to divisions (B) and (C) of this section, a product is defective due to inadequate warning or instruction if either of the following applies:

> (1) It is defective due to inadequate warning or instruction at the time of marketing if, when it left the control of its manufacturer, both of the following applied:
>
>> (a) The manufacturer knew or, in the exercise of reasonable care, should have known about a risk that is associated with the product and that allegedly caused harm for which the claimant seeks to recover compensatory damages;
>>
>> (b) The manufacturer failed to provide the warning or instruction that a manufacturer exercising reasonable care would have provided concerning that risk, in light of the

> likelihood that the product would cause harm of the type for which the claimant seeks to recover compensatory damages and in light of the likely seriousness of that harm.
>
> (2) It is defective due to inadequate post-marketing warning or instruction if, at a relevant time after it left the control of its manufacturer, both of the following applied:
>
>> (a) The manufacturer knew or, in the exercise of reasonable care, should have known about a risk that is associated with the product and that allegedly caused harm for which the claimant seeks to recover compensatory damages;
>>
>> (b) The manufacturer failed to provide the post-marketing warning or instruction that a manufacturer exercising reasonable care would have provided concerning that risk, in light of the likelihood that the product would cause harm of the type for which the claimant seeks to recover compensatory damages and in light of the likely seriousness of that harm.
>
> (B) A product is not defective due to lack of warning or instruction or inadequate warning or instruction as a result of the failure of its manufacturer to warn or instruct about an open and obvious risk or a risk that is a matter of common knowledge.

In the case at bar, Plaintiffs claim that summary judgment is appropriate on their strict liability failure to warn claims because there are no genuine issues of material fact with respect to these claims. Plaintiffs assert that Defendants' admissions in discovery responses and deposition testimony confirm their argument. Plaintiffs have set forth a great deal of evidence supporting their failure to warn claims, however, Defendants have set forth contradictory evidence.

While Plaintiffs maintain that they did not receive a copy of the Trailer User's Guide, Defendants have referenced the rental contract signed by Plaintiff Swegles which states that she read and understood the user's guide. Plaintiffs maintain that the warning labels on the trailer were non-existent or unreadable, however, Defendants argue that there is an issue of fact regarding whether the warning labels on the trailer

16

was damaged during the accident or otherwise deteriorated in the years since the accident. Finally, despite the opinions of Plaintiffs' experts, Defendants assert that there is a factual determination as to whether the alleged lack of warning was the proximate cause of the accident.

As illustrated above, Defendants have set forth sufficient evidence to create a genuine issue of material fact regarding Plaintiffs' failure to warn claims. Plaintiffs' Motion for Partial Summary Judgment is therefore denied.

Based on the foregoing, Defendant AMERCO's Motion for Summary Judgment (Doc. 85) is hereby **GRANTED**; Defendants U-Haul International, Inc., U-Haul Co. of Massachusetts and Ohio, Inc. and AMERCO's Motion for Partial Summary Judgment (Doc. 86) is hereby **DENIED**; and Plaintiffs Mindy Swegles Strong, Christian Strong, and Brian Hunzicker's Motion for Partial Summary Judgment (Doc. 87) is hereby DENIED.

**IT IS SO ORDERED.**

      /s/ Judge Michael H. Watson
Michael H. Watson, Judge
United States District Court